**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CLARK COUNTY EDUCATION ASSOCIATION, <br><br> Plaintiff, <br><br> vs. <br><br> ALEXANDER ROCHE, <br><br> Defendant. <br><br> ALEXANDER ROCHE, <br><br> Counter-Claimant, <br><br> vs. <br><br> CLARK COUNTY EDUCATION ASSOCIATION, *et al.*, <br><br> Counter-Defendants. | Case No.: 2:22-cv-00964-GMN-DJA <br><br> **ORDER** |

Pending before the Court are the Motions to Dismiss, (ECF Nos. 14, 15), filed by Counter-Defendants Clark County Education Association ("CCEA"), Clark County Staff Organization ("CCSO"), and John Vellardita ("Vellardita") (collectively, "Counter-Defendants"). Counter-Claimant Alexander Roche ("Roche") filed a Response, (ECF No. 24), to which Counter-Defendants filed a Reply, (ECF Nos. 32, 33).

For the reasons discussed below, the Court finds that it lacks subject matter jurisdiction over this action and remands the case to state court. Accordingly, the Court **DENIES** Counter-Defendants' Motions to Dismiss as moot.

## I. BACKGROUND

This case arises from Roche's alleged breach of his employment contract with CCEA. CCEA is a labor union which represents the licensed teaching professionals employed by Clark County School District ("CCSD"). (CCEA Am. Compl. ¶ 1, Ex. A to Pet. Removal, ECF No. 1-1); (Mot. Dismiss ("MTD") 2:15–16, ECF No. 14). CCSO is an employee union which represented Univserv Directors and now represents Field Representatives employed by CCEA. (CCEA Am. Compl. ¶ 6, Ex. A to Pet. Removal); (Roche Counterclaim ¶ 7, Ex. B to Pet. Removal, ECF No. 1-2). Roche was employed by CCEA as a Univserv Director and Field Representative from 2014 to 2021. (CCEA Am. Compl. ¶ 5, Ex. A to Pet. Removal).

In 2016, during his employment with CCEA, Roche requested bereavement leave due to the death of a family member. (Roche Counterclaim ¶ 9, Ex. B to Pet. Removal). CCEA, by and through Vellardita, an executive director at CCEA and Roche's boss, retroactively denied his request. (*Id*. ¶ 10, Ex. B to Pet. Removal). Roche sufferers from depression as well as anxiety, and maintains that this denial of bereavement leave exacerbated his conditions. (*Id*. ¶ 11, Ex. B to Pet. Removal).

On January 10, 2020, Vellardita met with Roche to discuss a temporary increase in Roche's pay conditional on his performance of additional duties. (CCEA Am. Compl. ¶ 13, Ex. A to Pet. Removal). Vellardita and Roche's discussion was memorialized in a contract agreement ("Contract Memorandum") on January 13, 2020. (Contract Memorandum at 1, Ex. 1 to CCEA Am. Compl. to Ex. A to Pet. Removal, ECF No. 1-1). Pursuant to the Contract Memorandum, Roche was paid an additional $1,000 twice each month in addition to his base salary from January 31, 2020, to May 31, 2021. (CCEA Am. Compl. ¶ 19, Ex. A to Pet. Removal). In total, Roche received $33,000 over thirty-two pay periods. (Roche Counterclaim ¶¶ 31–32, Ex. B to Pet. Removal).

///

On April 6, 2021, Roche took a leave of absence in anticipation of his wife giving birth to their child. (Roche Counterclaim ¶¶ 33–35, Ex. B to Pet. Removal); (CCEA Am. Compl. ¶ 21, Ex. A to Pet. Removal).  However, Roche's wife experienced difficulties while giving birth, and the baby was born with health complications which delayed Roche's return to work. (Roche Counterclaim ¶¶ 31–39, Ex. B to Pet. Removal).  Despite being out on leave, Roche continued to receive his additional pay under the Contract Memorandum. (CCEA Am. Compl. ¶ 23, Ex. A to Pet. Removal).  On May 28, 2021, Roche met with his supervisor Alexandra Shelton ("Shelton"), to request additional leave to care for his newborn daughter. (Roche Counterclaim ¶¶ 44–49, Ex. B to Pet. Removal).  During this conversation, Roche disclosed that he received another job offer, which he informed Shelton he was unsure if he would accept. (Roche Counterclaim ¶ 49, Ex. B to Pet. Removal).  Later that day, Shelton called Roche to inform him that Vellardita "accepted his "resignation effective immediately" and directed Roche to return all company property. (Roche Counterclaim ¶¶ 54–55, Ex. B to Pet. Removal).  Roche maintains he never resigned from CCEA. (*Id*. ¶¶ 57–61, Ex. B to Pet. Removal).  CCEA later sent Roche a demand letter for the full $33,000 of additional pay he received pursuant to the Contract Memorandum. (CCEA Am. Compl. ¶ 27, Ex. A to Pet. Removal).

On August 2, 2021, CCEA filed their first Complaint in the Eighth Judicial District Court, Clark County Nevada. (Pet. Removal ¶ 2, ECF No. 1).  CCEA later filed the present Amended Complaint, alleging claims for: (1) fraudulent misrepresentation; (2) breach of contract; and (3) conversion and unjust enrichment. (CCEA Am. Compl. ¶¶ 29–48, Ex. A to Pet. Removal).  Roche in turn filed his Answer and Counterclaim to CCEA's Amended Complaint, alleging claims for: (1) breach of contract; (2) intentional interference with contractual relations; (3) beach of the covenant of good faith and fair dealing; (4) defamation; (5) negligence and/or gross negligence; (6) intentional infliction of emotional distress; (7)

unlawful injury or loss suffered by a vulnerable person pursuant to NRS § 41.1395; (8) unlawful discrimination, harassment, and relation based on disability pursuant to the Americans with Disabilities Act and Amendments Act ("ADA"), 42 U.S.C § 12132 *et seq.*; (9) respondeat superior; (10) negligent hiring and entrustment; (11) declaratory relief; and (12) injunctive relief. (Roche Counterclaim ¶¶ 83–250, Ex. B to Pet. Removal). On June 17, 2022, Counter-Defendants removed this action to federal court on the basis of federal question jurisdiction pursuant to Roche's eighth cause of action under the ADA. (Pet. Removal ¶¶ 8–10). Counter-Defendants then filed the present Motions to Dismiss. (*See generally* MTD, ECF Nos. 14, 15).

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441(a) a defendant may remove an action to federal court if the district court has original jurisdiction. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). Federal courts are courts of limited jurisdiction and can adjudicate only those cases authorized by the United States Constitution and Congress. Generally, those cases involve diversity of citizenship, a federal question, or where the United States is a party. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 8 (1983); 28 U.S.C. § 1442. Lack of subject matter jurisdiction is never waived and may be raised by the court *sua sponte*. Fed. R. Civ. P. 12(h)(3); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

## III. DISCUSSION

In determining the presence or absence of federal question jurisdiction under 28 U.S.C. § 1331 in removal cases, the "well-pleaded complaint rule" applies, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here,

CCEA's Amended Complaint contains claims for (1) fraudulent misrepresentation, (2) breach of contract, and (3) conversion and unjust enrichment. (CCEA Am. Compl. ¶¶ 29–48, Ex. A to Pet. Removal). These claims arise under state rather than federal law. Therefore, CCEA's Amended Complaint avoids federal question jurisdiction.

Counter-Defendants' removal asserted federal jurisdiction by virtue of Roche's counterclaim under the ADA. (*See* Pet. Removal ¶ 8) ("Defendant's Counter-Claim asserts as its Eight Claim under the Americans with Disabilities Act and Amendments Act . . . ."). "Removal, however, cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question, whether filed in state or federal court." *Brar v. Fagundes*, 2:13-cv-0422, 2013 WL 1178229, at *1 (E.D. Cal. Mar. 21, 2013); *see Hunter*, 582 F.3d at 1042–43; *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 327 (5th Cir.1998); *Preciado v. Ocwen Loan Servicing*, 2011 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011); *Fed. Nat'l Mortg. Ass'n. v. Bridgeman*, 2010 WL 5330499, at *4 (E.D. Cal. Dec. 20, 2010).

While Roche properly raised a counterclaim based on federal law in response to CCEA's Amended Complaint, "any counterclaim based on federal law must generally be raised in the state court action and does not provide a basis for removal." *Nugyen v. Burke*, No. 2:14-cv-2379, 2014 WL 5305930, at *3 (E.D. Cal. Oct. 15, 2014); *Vaden v. Discover* Bank, 556 U.S. 49, 60 (2009) ("[A] federal counterclaim, even when compulsory, does not establish 'arising under' jurisdiction."). Because the operative Amended Complaint only raises claims under state law, this action does not arise under federal law, and jurisdiction under 28 U.S.C. § 1331 does not exist.[1]

///

//

---

[1] Alternatively, diversity jurisdiction does not exist as all parties are citizens of Nevada. (*See* CCEA Am. Compl. ¶¶ 1–6, Ex. A to Pet. Removal).

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Counter-Defendants' Motions to Dismiss, (ECF No. 14, 15), are **DENIED as moot**.

**IT IS FURTHER ORDERED** that Roche's Motion for Extension of Time, (ECF No. 16), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Roche's Motion to Dismiss Counsel, (ECF No. 8), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the case be remanded to the Eighth Judicial District Court.  The Clerk of the Court shall remand this case back to state court and thereafter close this case.

**DATED** this __4__ day of January, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT